```
 1                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE EASTERN DISTRICT OF TEXAS
 2                             TYLER DIVISION

 3    FRACTUS, S.A.                 )
                                    )   DOCKET NO. 6:09cv203
 4                                  )            6:12cv421
      -vs-                          )
 5                                  )   Tyler, Texas
      SAMSUNG ELECTRONICS CO., LTD  )   9:00 a.m.
 6    ET AL                         )   February 12, 2013

 7
                         TRANSCRIPT OF MOTION HEARING
 8                 BEFORE THE HONORABLE LEONARD DAVIS,
                    UNITED STATES CHIEF DISTRICT JUDGE
 9

10
              APPEARANCES ACCORDING TO THE SIGN-IN SHEETS
11
      PLAINTIFFS:  MR. MAX TRIBBLE
12                 MR. JUSTIN NELSON
                   MR. MICHAEL HEIM
13                 MS. MICAH HOWE
                   MR. CALVIN CAPSHAW
14

15    DEFENDANTS:  MR. GEORGE RILEY
                   MR. MICHAEL BARTA
16                 MR. NEIL SIROTA
                   MR. MIKE JONES
17

18
      COURT REPORTER:       MS. SHEA SLOAN
19                          211 West Ferguson
                            Tyler, Texas  75702
20

21

22
      Proceedings taken by Machine Stenotype; transcript was
23    produced by a Computer.

24

25
```

```
 1                    P R O C E E D I N G S

 2              THE COURT:  Please be seated.

 3              All right.  Ms. Ferguson, if you will call the case,

 4    please.

 5              THE CLERK:  Court calls Cases No. 6:09cv203 and

 6    6:12cv421, Fractus v. Samsung Electronics.

 7              THE COURT:  All right.  Announcements.

 8              MR. TRIBBLE:  Your Honor, Max Tribble for the

 9    plaintiff.  With me today are Justin Nelson, Mike Heim, Calvin

10    Capshaw, Micah Howe.  Also, in the audience is the president

11    of Fractus Ruben Bonet, and the director of licensing Jordi

12    Ilario.

13              THE COURT:  Okay.  Thank you.

14              MR. JONES:  Your Honor, for the Defendant Samsung,

15    Mike Jones.  Also here with me today is Mr. Neil Sirota, Mr.

16    Michael Barta, and Mr. George Riley.  Mr. Riley will be

17    speaking for us today.

18              THE COURT:  Okay.

19              MR. JONES:  Also, here for Samsung from Korea, Mr.

20    Jae-Han Kim.

21              THE COURT:  Thank you.

22              All right.  We had two motions set this morning.

23    The first one is Fractus's motion to set ongoing royalty rate.

24    The second is Samsung's motion to alter or amend the

25    judgment.  I think we will take up the motion to alter or
```

1    amend the judgment first.  So I will hear from Samsung on

2    that.

3              MR. RILEY:  Thank you, Your Honor.  George Riley for

4    Samsung.

5              Your Honor, we have filed two motions to amend the

6    judgment.  The Court granted the first of those motions under

7    Rule 59(e).  Both of those motions were timely filed, Your

8    Honor.  They were both filed within 28 days of the entry of

9    what this Court called a final judgment on June 28th, 2012.

10             In that final judgment the Court severed not a claim

11   but a request for continuing royalties, into a separate case.

12   That severance was a violation of Rule 21.  The law is quite

13   clear, Rule 21 permits the severance of a claim against a

14   party.  A request for a royalty, a continuing royalty in lieu

15   of a permanent injunction, is simply a remedy.  It is not a

16   claim.  And the severance under Rule 21 was inappropriate.

17             We now have guidance from the Federal Circuit on

18   this very issue in a case that Judge Lourie decided shortly

19   after we filed our briefs.  That case is Warsaw Orthopedic.

20             In Warsaw Orthopedic there had been a jury trial that

21   decided infringement, validity, and past damages.  The Court

22   then entered a judgment under Rule 54(b), which permits the

23   Court to enter a final judgment on fewer than all of the

24   claims in the case.  And the Court said these claims can go

25   forward on appeal.  There is no just reason not to enter final

1   judgment on those claims.

2           The Federal Circuit sua sponte dismissed the appeal

3   finding that a request for a continuing royalty is not a claim

4   and could not be divided out from the case.

5           The Court said -- and there is no ambiguity about

6   it -- no claim was final because, quote, the district court

7   has not yet determined ongoing royalties.

8           So as long as the issue of ongoing royalties is

9   still in the case, there can be no final judgment for the

10  purposes of an appeal.

11          We timely raised this issue in our Rule 59(e) motion

12  to amend that was filed on July 28th within 28 days of the

13  judgment.  We raised the issue of the improper severance.

14          We also filed a protective or prophylactic notice of

15  appeal, which the Federal Circuit has deactivated because of

16  the pendency of this current motion to amend and correct the

17  judgment.

18          So to me the law is exceedingly clear, particularly

19  in light of Warsaw Orthopedic and the cases cited in that,

20  that a request for an ongoing royalty is not a separate claim;

21  and that the underlying claims of liability and damages are

22  not final until the Court determines the ongoing royalty.

23          THE COURT:  Counsel, isn't -- I mean, is that

24  judicially efficient?  Because, I mean, it would seem to me

25  that especially where there is a dispute that the parties have

5

1    demonstrated in this case between whether these other phones

2    are colorably different or not, that this may be a -- take

3    time and discovery that prevents the other issues that both

4    sides are interested in from moving forward on appeal.

5            MR. RILEY:  From the perspective of the Federal

6    Circuit which wants to have a final judgment with no piecemeal

7    appeals, the Federal Circuit has made clear that they want the

8    determination of both the underlying damages and the ongoing

9    royalty in a single case.

10           And from the Federal Circuit's perspective, that is

11   the most efficient because there is an intertwining of factual

12   issues, as there is in this case, between the damages awarded

13   by the jury and the continuing royalty awarded by the Court.

14   And those factual issues are deeply intertwined.

15           It would be less efficient to go up and have a

16   determination on the underlying damages and then have an

17   inconsistent determination at the district court level on the

18   continuing royalty because those issues are so closely

19   intertwined.

20           Again, that is the direction we have from the

21   Federal Circuit is no piecemeal appeals; the issue of damages

22   and liability and validity should be wrapped up with the issue

23   of continuing royalty, which is not a claim, it is a remedy,

24   and should all go up at the same time.

25           THE COURT:  Thank you.

1        Response.

2            MR. RILEY:  If I could, there is one case that

3    Fractus raises that needs to be commented on.  It is

4    Telecordia.  That is a 2010 case.  Warsaw Orthopedic is the

5    most recent pronouncement of the Federal Circuit.

6            In Telecordia, Your Honor, which is what Fractus

7    relies on, that case had a judgment that was entered following

8    a verdict and an accounting was ordered.  The defendant in

9    that case was Cisco.  Cisco said that the jury verdict

10   included future damages.

11           The plaintiff in that case said, no, the damages

12   verdict only covers past damages.  So there was a dispute,

13   which is not existent in this case, about whether the jury's

14   damages award included future damages or not.

15           The whole case went up on appeal.  The Federal

16   Circuit agreed with the district court that the damages

17   verdict only covered past infringement, and then remanded to

18   have the parties negotiate a continuing royalty; and if the

19   parties couldn't reach an agreement, then the Court would

20   exercise its equitable powers to award a continuing royalty.

21           That is not our case.  We are not contesting the

22   Court's authority to order the parties to negotiate a

23   continuing royalty and then to enter a continuing royalty, to

24   award a continuing royalty.

25           What we do dispute and we believe Warsaw is on all

1    fours, is that when that issue is still outstanding, there can

2    be no final judgment.  In Telecordia the defendant in that

3    case, Cisco, declined to negotiate; and the whole case went up

4    on whether the court had the authority to negotiate -- to

5    direct the parties to negotiate a continuing royalty.  It is a

6    very different circumstance than in our case.

7              THE COURT:  Okay.  Thank you.

8              MR. RILEY:  Thank you.

9              THE COURT:  Mr. Tribble.

10             MR. TRIBBLE:  Good morning, Your Honor.  Max Tribble

11   for the plaintiff.

12             Let's go to the next slide.

13             Your Honor, just a little background very briefly to

14   explain what is really going on.  As the Court will recall, in

15   May of 2011 Fractus won a jury verdict finding infringement,

16   not invalidity, and damages of $23 million; roughly equivalent

17   to 35-and-a-half cents per phone.

18             Since that time Samsung, both in this motion and

19   throughout, has done everything it can to delay the resolution

20   on appeal of this case.

21             And let's go to the next slide.

22             So just to be clear.  In June of 2011, right after

23   the jury verdict, this Court entered an order in which you

24   ordered all of the parties to file all post-verdict motions,

25   including motions under Rules 50 and 59 by June 20th of 2011.

1          You also ordered a post-verdict mediation.  The

2     mediation, of course, was completely unsuccessful from the

3     get-go.  So we proceeded with the post-trial motions.

4          Next slide.

5          There were many post-trial motions.  One of those

6     was we moved for a permanent injunction.  Samsung opposed that

7     relief, and they asked that this Court -- with regard to the

8     ongoing royalty issue, they asked this Court to instead

9     order -- and I am quoting:  To the extent that an ongoing

10    license is necessary, Fractus and Samsung should be afforded

11    the opportunity to negotiate a license once all post-trial

12    motions are resolved.

13         In other words, after the resolution of all those

14    motions and entry of a final judgment.  They asked this Court

15    for that relief, and they cited the Telecordia case.

16         I heard Samsung today trying to run away from the

17    Telecordia case.  But as you can see on Slide 4, they cited

18    Telecordia.  They asked this Court to enter the very relief

19    that the Court entered in Telecordia.

20         Next slide.

21         As the Court will recall, in the Telecordia case, in

22    that case the jury had found infringement and validity and

23    damages.  The district court entered a final judgment without

24    entering an ongoing royalty rate.  Instead, what the court did

25    was it ordered the parties to meet and try to negotiate an

1   ongoing royalty rate.

2          The case went up on appeal on all issues.  And in a

3   lengthy opinion, the Federal Circuit in a published opinion --

4   unlike the Warsaw case that they rely on which is unpublished

5   or non-precedential -- the Telecordia case addressed the

6   merits of validity and infringement and so on.  The Federal

7   Circuit didn't say, oh, there is no jurisdiction because there

8   is no ongoing royalty rate.

9          THE COURT:  Was that issue raised by the defendants

10  in that case?

11         MR. TRIBBLE:  Absolutely, Your Honor.  In that case

12  it was raised on cross-appeal by the plaintiff.  They were

13  unhappy that the judge had not already entered an ongoing

14  royalty rate.

15         And the Federal Circuit specifically found that it

16  was permissible for the trial court to enter final judgment

17  without entering an ongoing royalty rate because he had

18  ordered the parties to try to negotiate and work out an

19  agreement as to what the ongoing royalty rate would be.

20         And they specifically addressed all of the other

21  issues.  Funny, it was a final judgment.  There was

22  jurisdiction on appeal.  So they addressed validity and so on.

23  Then as to that piece of it, they found that that was

24  perfectly fine.  They addressed all of the other issues, and

25  then they remanded -- since there had been no agreement, they

10

1    remanded the case now with a final finding of validity, for

2    example and so on, for the court to then enter an ongoing

3    royalty rate.

4             What they did not do is what Samsung suggests

5    that, well, there is no final judgment because there was no

6    entry of an ongoing royalty rate.  In fact, it is not just the

7    Telecordia case.

8             By the way, just to be clear, Samsung requested this

9    relief and they cited Telecordia, and on Slide 7 this is your

10   order and your final judgment of June 28.  As the Court will

11   recall, there were a lot of post-trial motions.  You wrote an

12   85-page opinion addressing in great detail every issue that

13   had been raised by the parties pursuant to your order to raise

14   all issues basically a year earlier.  And you disposed of all

15   of the issues that were raised except with regard to the

16   ongoing royalty.

17            And you specifically noted in your opinion:  Samsung

18   has requested that I order the parties to try and negotiate an

19   ongoing royalty rate.

20            You noted that -- given the history between the

21   parties, you noted that it was probably unlikely that the

22   parties would reach agreement.  And, in fact, you were

23   absolutely right.  I mean, the parties were nowhere near

24   agreement on that issue when they followed the Court's order

25   and tried to negotiate.

1        But you specifically noted that this was being done

2    at the request of Samsung, and you also cited the Telecordia

3    case as they did.   In other words, you were basically doing

4    the same thing in the Telecordia case, which was found to be

5    perfectly acceptable by the Federal Circuit in that case.

6        Now, keep in mind on this delay process, once you

7    entered your final judgment, then they filed the present

8    motion to amend and to keep this open; in other words, to keep

9    us from going up on appeal because, as the Court noted, they

10   filed that in July.

11       In August to further delay things, they filed

12   another motion, they filed a motion to stay pending reexam.

13   And that was briefed.   And on Slide 8 the Court -- you denied

14   the motion to stay for the reexam, and you noted that, in

15   fact, if the final appeal from this litigation becomes final,

16   then the reexam should be dismissed; and that delaying the

17   resolution of staying this case or delaying the resolution of

18   the final judgment in the appeal in this litigation, you noted

19   that it would cause great prejudice and harm to Fractus.

20       In fact, it would -- basically it would render the

21   years of work and expense of Fractus in this litigation, the

22   years of work and effort of this Court on this litigation, and

23   the time spent by the jury on this case, it would render all

24   of that a nullity if Samsung is successful in delaying this

25   case significantly further.

1           So let's go to the next slide.

2           In addition to the Telecordia case, I heard the

3    statement made a few minutes ago that the unpublished -- or

4    non-precedential Warsaw opinion is the latest word from the

5    Federal Circuit.  That is incorrect.

6           Next slide, please.

7           As we have cited in our briefing, there is the

8    WhitServe case that was published five days after the

9    non-precedential opinion in the Warsaw case.  So the latest

10   word is the WhitServe case.

11          And I quoted here in this slide, it says, as to

12   ongoing -- relief for ongoing infringement, there are at least

13   four remedies the Court can order.  It can grant an

14   injunction.  Number two, it can order the parties to attempt

15   to negotiate terms for future use of the invention.  It says

16   it could also grant an ongoing royalty, or it could exercise

17   its discretion to conclude that no ongoing royalty is

18   warranted.

19          But as to that second form of relief that the

20   Federal Circuit specifically said the Court can grant, it can

21   order the parties to negotiate the license terms, the royalty

22   rate.  And it cites Telecordia.  It endorses Telecordia again.

23   That is the latest word from the Federal Circuit.

24          Next slide.

25          THE COURT:  What were the other four remedies?

1           MR. TRIBBLE:  Yes, Your Honor, they are listed on
2    Slide 10.  I can give you a copy of this.
3           It said the Court can grant an injunction.  By that
4    I believe they mean a permanent injunction.  Two, it can order
5    the parties to negotiate.  Three, it can grant an ongoing
6    royalty.  Or, four, it can exercise its discretion to conclude
7    that no forward-looking relief is appropriate in the
8    circumstances.
9           And this goes as to the issue in the Paice case, and
10   Telecordia and WhitServe talk about this as well.  In some
11   cases --
12          THE COURT:  Hand me up a copy of your slides.  My
13   monitor is not working.
14          MR. TRIBBLE:  Yes, sir.  I'm sorry, sir.
15      (Slides given to the Court.)
16          MR. TRIBBLE:  This is listed on Slide 10, Your
17   Honor.
18          THE COURT:  All right.  What else?
19          MR. TRIBBLE:  And just to be clear, the Telecordia
20   case is discussed on Slide 5, and the Court's recognition of
21   the prejudice to Fractus by the delay that Samsung has
22   repeatedly been causing, or at least as the motion to stay, is
23   Slide 8.
24          So going forward, basically in Samsung's motion to
25   amend, it is completely improper because it was untimely,

1    under the Court's prior order saying, I want all this in front

2    of me -- I'm paraphrasing obviously -- and I want to get this

3    resolved.

4            But also Samsung has changed positions.  They asked

5    the Court to enter the Telecordia relief and order the parties

6    to negotiate.  The Court did so.  And now it says, oh, but

7    that is improper.  The Court needs to order an ongoing royalty

8    rate.  So they won the relief that they asked for, but now

9    they are taking a different position.

10           So next slide.

11           Here is the issue, by filing this motion to amend,

12   they have already delayed the appeal of this case.  They have

13   already prejudiced Fractus, you know, trying to do what the

14   Court denied.  They are trying to essentially stay this case

15   so that the reexam, you know, determines the issues instead of

16   the jury and the Court in the litigation.

17           And our biggest worry is we can tell from the

18   argument that we have heard today in this reliance on the

19   Warsaw case that, in fact, their plan is to do exactly -- is

20   to ask the Federal Circuit on appeal in this litigation to

21   follow the Warsaw opinion; and we are worried that if the case

22   goes up without an ongoing royalty, even though we believe it

23   is completely improper, we are fearful they are going to file

24   some kind of motion to question jurisdiction in that case, in

25   the appeal of this case, which under the rules at the Federal

1    Circuit would delay the briefing on the merits until the

2    Federal Circuit makes a decision on that; thereby, even though

3    we are confident we would win in the end, there could be many,

4    many months of delay before the briefing on the merits even

5    starts.  So Samsung will have achieved its purpose.

6             Next slide.

7             So our primary goal is to try and avoid any

8    unnecessary delay and prejudice.  So we have the pending

9    issues.  There is the motion to amend and then there is the

10   ongoing royalty rate, a separate issue but related -- but they

11   don't have to be related is -- the not colorably different

12   phones.

13            So our primary goal is to avoid any unnecessary

14   delay and prejudice.  You know, if we are correct, then the

15   Court's final judgment of June 28th is the final judgment;

16   and, you know, there is no continuing jurisdiction here.  The

17   Federal Circuit has ordered that the Court rule on the 59(e)

18   motion, but, you know, it is an open question what effect this

19   will have on the appeal.  But we are trying to avoid any

20   motion practice, preliminary motion practice on appeal by

21   Samsung.

22            And so our request to the Court is that the Court

23   enter as soon as possible, an ongoing royalty rate.  And we

24   are aware that the Court has done a lot of work.  We have no

25   idea, you know, how far along the Court is in its analysis;

1    but we have -- we can unburden the Court on these issues.   In

2    other words, as to the ongoing royalty rate, clearly, the

3    implied rate found by the jury was 35-and-a-half cents per

4    phone.

5         The Court wrote a detailed, well-reasoned opinion in

6    which even as to the phones adjudicated at trial, the Court

7    enhanced -- it basically awarded another $15 million, which is

8    a 1.6 multiplier, which is 59 cents per phone.  The Court has

9    already done an analysis and found that much enhancement would

10   be appropriate.

11        And so obviously, you know, on the same basis, the

12   Court could choose to award 59 cents a phone or even

13   35-and-a-half cents a phone as to an ongoing royalty.  Mr.

14   Nelson will talk in a moment about why we believe higher

15   amounts are appropriate in this case.

16        But I just want to make clear, we are very fearful

17   of the delay tactics of Samsung, and we are worried they are

18   going to raise this jurisdictional issue from the Warsaw case

19   and try to derail the appeal and slow it down before it even

20   gets started.

21        And then separately, Your Honor, there is the issue

22   of deciding if the 29 phones as to which we have submitted

23   evidence and testimony through an expert declaration, whether

24   those 29 phones are not colorably different than the phones

25   adjudicated at trial.

1          The Court could consider that in connection with an

2    ongoing royalty, but the Court could also make -- could also

3    just deny that request and enter an ongoing royalty based on

4    the other factors that are appropriate.  Again, we are just

5    trying to avoid --

6          THE COURT:  Then where do you go with those 29

7    phones if the Court were to do that?

8          MR. TRIBBLE:  Well, there is a severed case pending

9    and, you know, those phones -- you know, claims could be

10   adjudicated through regular litigation.  You know, we would

11   have to go through and prove infringement and damages, you

12   know, to a jury and to the Court.

13         And so as to those phones, you could just dismiss

14   all those claims without prejudice; and once the appeal is

15   decided, we could assert whatever case we might choose to

16   bring as to those phones or any other phones we believe

17   infringe.

18         THE COURT:  And would the Court then be married to

19   the ongoing royalty that it was to determine in this action in

20   the subsequent action on those phones?

21         MR. TRIBBLE:  Well, yes, if at that later time the

22   Court found that those phones were not colorably different.  I

23   mean, typically, for an ongoing royalty the Court would order

24   the future-looking royalty as to the past adjudicated phones.

25   The phones found at trial to infringe, there have been some

1   sales of those phones after the verdict.  In fact, there were

2   some sales --

3          THE COURT:  Well, here is my problem.  You know,

4   the -- as all of the parties to this case know, this is not

5   simple technology.  It is very difficult for the Court to

6   determine based on expert reports and without hearing

7   evidence, whether they are colorably different or not.  We

8   have been on two additional occasions requesting additional

9   briefing on that trying to get some sense, and it is hard --

10  frankly, hard to get your arms around it.

11         I mean, I have suffered with this case.  All parties

12  have suffered with this case.  And I am ready to get it on to

13  the Federal Circuit and want to get it there.  At the same

14  time I don't want to prejudice the plaintiff by if you are

15  serious about these other 29 phones, to deprive you of your

16  day in court or somehow prejudice you in a subsequent action.

17         MR. TRIBBLE:  Well, Your Honor, keep in mind that on

18  the not-colorably-different issue, it is our burden of proof

19  by clear and convincing evidence.  If the Court were just to

20  deny the request saying, you know, you haven't met that burden

21  based on the evidence submitted so far, it really would not

22  prejudice us from asserting legal claims against those in a

23  subsequent action.

24         THE COURT:  Okay.  I am going to deny your request

25  as to the -- as to the additional phones without prejudice to

19

1   you bringing those in a separate action of any type.  The

2   Court just finds that it would take an evidentiary hearing to

3   do that.  It is going to be long.  It is going to be

4   protracted.  This case has been sitting here since June, and

5   that disturbs me.  I have a very busy docket.  I have not been

6   able to get to this until now.

7          I am going to deny the defendants' motion to alter

8   the judgment.  But I am going to go ahead and set an ongoing

9   royalty of 60 cents per phone for any phones, so that should

10  take care of any phones about further delay of the appeal.

11         MR. TRIBBLE:  Okay.  Thank you, Your Honor.

12         THE COURT:  Anything further from the parties?

13         MR. RILEY:  Nothing further, Your Honor.

14         THE COURT:  All right.  Be adjourned.

15

16

17

18

19

20

21

22

23

24

25

20

1                    C E R T I F I C A T I O N

2

3    I certify that the foregoing is a correct transcript from the

4    record of proceedings in the above-entitled matter.

5

6

7    /s/ Shea Sloan

8    SHEA SLOAN, CSR, RPR
     OFFICIAL COURT REPORTER
9    STATE OF TEXAS NO. 3081

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25